# Richmond.

## SMITH *v.* BURTON.

### December 17, 1896.

1. SALE—*Title—Declaration on indemnifying bond—Sufficiency of.*—Upon the sale of an undivided interest in a newspaper, the title passes immediately to the vendee unless reserved, and in an action by the vendor against the vendee and others on an indemnifying bond made by them to save the vendor harmless against certain debts specified in the bond, for which debts the vendor, the vendee and the newspaper are bound, it is unnecessary to aver in the declaration that the vendor had transferred his interest in the paper to the vendee. Upon proof of the execution and delivery of the bond, the amount of the debts and the payment thereof by the vendor, he is entitled to recover of the obligors in the bond the amount so paid.

2. APPELLATE COURT—*Objection to admissibility of evidence for the first time—Receipts.*—Objections to the admissibility of evidence cannot be made for the first time in the Appellate Court. An objection that an execution is not for the debt it purports to be for, or that receipts are not genuine, come too late when made for the first time in the Appellate Court. A party will not be allowed by his silence in the trial court to admit the relevancy of evidence, or the genuineness of receipts, and then dispute it in the Appellate Court.

Error to a judgment of the Circuit Court of Cumberland county, rendered November 8, 1894, in an action of covenant wherein the defendant in error was the plaintiff, and the plaintiff in error and others were the defendants.

*Affirmed.*

The declaration is this case was in the following words and figures:

"R. M. Burton, plaintiff, complains of J. L. Wilson, W. C. Corson, and S. O. Smith, surviving obligors of themselves

and John R. Wilson, of a plea of covenant broken; for this, to-wit: That heretofore, to-wit, on the 14th day of November, 1890, by a certain indenture then and there made, between the plaintiff of the one part, and the said defendants and John R. Wilson, since deceased, of the other part, which said indenture, sealed with the seals of the said defendants as well as with the seal of the said John R. Wilson, is to the court now here shown, the date whereof, is the day and year aforesaid, did covenant and agree with the said plaintiff in words and figures as follows, to-wit: Whereas J. R. Wilson, R. M. Burton, and J. L. Wilson, jointly and equally own the Farmville Journal newspaper, with all the presses, types, good will, &c., for which they owe the sum of $626 to the Planters Bank of Farmville, Va., which said sum is due on the 1st day of February, 1891, and the further sum of $600 to A. D. Watkins, payable in equal instalments at six, twelve and eighteen months, from the 1st day of August, 1890, of $200 each, on all of which said notes the said R. M. Burton is bound; and whereas, the said R. M. Burton has this day sold to the said J. L. Wilson his one-third interest in said paper; now we, whose names are hereto signed, bind ourselves to save harmless the said R. M. Burton, against all loss or damage he may sustain by reason of his being bound on said notes, and when the said $1,226, and interest due on said notes is paid, the title and right to said newspaper, the Farmville Journal, shall vest and be the property of the said J. R. and J. L. Wilson, and all liabilities or indebtedness to said Burton therefor shall become released.

"Witness our hands and seals, this 14th day of November, 1890.

"JOHN R. WILSON, [Seal.]
"J. L. WILSON, [Seal.]
"W. C. CORSON, [Seal.]
"S. O. SMITH, [Seal.]"

As by the said indenture, reference being made thereto, will more fully and at large appear.

And the said R. M. Burton, in fact, says that the said defendants have not, nor has either of them, nor did the said J. R. Wilson, in his lifetime, nor has anyone for him since his death, saved harmless him, the said R. M. Burton, against all loss and damage he has sustained by reason of his being bound on said notes in said indenture mentioned and described as they ought to have done according to the force and effect of the said covenant made as aforesaid, but he, the said R. M. Burton, by reason of his being bound on said notes, has been compelled to pay unto the said Planters Bank of Farmville, Va., the sum of $773.50 and unto the said A. D. Watkins, the sum of $510.15, upon executions issued upon judgments rendered against him in the Circuit Court of the county of Prince Edward. And for this also, that heretofore, to-wit: On the 14th day of November, 1890, by a certain other covenant in writing, sealed with their seals as well as with the seal of the said J. R. Wilson, who has since departed this life, the date whereof is the day and year last aforesaid, they the said defendants together with the said J. R. Wilson, covenanted and agreed and bound themselves to save harmless him, the said R. M. Burton, against all loss and damage he might thereafter sustain by reason of his being bound along with the said John R. Wilson and J. L. Wilson, unto the Planters Bank of Farmville, Va., upon a note for $626, to become due and payable on the 1st day of February, 1891, and unto A. D. Watkins, in the sum of $600, payable in equal instalments of six, twelve and eighteen months from the 1st day of August, 1890, of $200 each.

And the said R. M. Burton, in fact, saith that the said John R. Wilson did not in his life, nor has his personal representative since his death, nor have the said defendants or either of them, saved harmless him, the said plaintiff, against loss and damage by reason of his being bound on said notes,

as they ought to have done, according to the force and effect of the said covenant, in their behalf made as aforesaid, but they have and each of them hath hitherto wholly neglected and refused so to do, contrary to the said writing and their said covenant, in that behalf made as aforesaid, to-wit: On the 14th day of November, 1890, and he, the said plaintiff, has been compelled to pay on said notes unto the said, the Planters Bank of Farmville, Va., the sum of $773.50, and unto the said A. D. Watkins, the sum of $510.15, upon executions issued against him, and the said J. L. Wilson, surviving obligors with John R. Wilson, from the Circuit Court of Prince Edward county, upon judgments rendered therein, and so the plaintiff avers that by reason of the failure of the said defendants to keep and perform their said covenants, he hath sustained great damage and loss. Yet the said defendants, though often requested so to do, have not, nor has either of them paid to the said plaintiff the damage so sustained by him, but the same to pay, they have and each of them hath hitherto wholly neglected and refused, and still do so neglect and refuse to the damage of the plaintiff $2,000.

And therefore he sues.

[Signed]    J. P. FITZGERALD, p. q.

There was a demurrer to the declaration which was overruled. Thereupon the defendants pleaded that they had not broken the covenant in the declaration mentioned, and issue was joined on that plea. The plaintiff introduced in evidence the covenant mentioned in the declaration, and two writs of *fieri facias* from the Circuit Court of Prince Edward county against the plaintiff R. M. Burton and J. L. Wilson, one in the name of the Planters Bank of Farmville for $625.50 and interest and costs, and the other in the name of A. D. Watkins for $400 and interest and costs. On each *fi. fa.* a statement of the amount due thereon was endorsed, and a receipt and assignment to Burton of the *fi. fa.* signed by the

plaintiffs in the respective writs. The plaintiff also intro-
duced a statement from the sheriff of Prince Edward county,
showing the net sales of printing presses, &c., applicable to
said writs of *fi. fa.* to be $16.73 as of October 15, 1894.
The defendants offered no proof. There was a judgment in
favor of the plaintiff for $1,383.65 and interest and costs,
subject to a credit for $16.73, as October 15, 1894.

*W. M. Flanagan* and *W. M. Smith*, for the plaintiff in
error.

*J. P. Fitzgerald*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

The defendants demurred to the declaration because it did
not aver that the plaintiff had transferred to J. R. Wilson
and J. L. Wilson the title to his interest in the "Farmville
Journal" (a newspaper owned jointly and equally by him and
them), in pursuance of the sale of his interest to J. L. Wil-
son.

The allegation would have been superflous and wholly out
of place in the declaration. There was no retention by Bur-
ton of the title to his interest in the property, and it passed
immediately upon the sale to his vendee    3 Minor's Inst.,
Pt. 1, 253; 21 Amer. and Eng. Ency. of Law, 482; and the
cases there cited. There was nothing further to be done by
Burton to transfer to J. L. Wilson the title to his interest,
and to constitute J. L. Wilson and J. R. Wilson the owners
of the full and complete title to the property. The title to
his interest having vested by the sale in his vendee, and Bur-
ton having been compelled to pay the notes from which the
defendants had bound themselves by the writing sued on to
save him harmless, there was no condition precedent for him
to perform before bringing suit, or the performance whereof
it was necessary to aver in the declaration. The demurrer
was properly overruled.

It was next contended that the evidence was insufficient to sustain the judgment of the court. The plaintiff introduced on the trial the writing obligatory by which the defendants had bound themselves to save him from all loss by reason of his liability on certain notes, and also executions issued upon judgments recovered on the notes, upon which executions there was endorsed by the owners of the debt, the receipt of the payment of the executions by Burton, and their assignment to him.

This evidence established the right of the plaintiff to recover against the defendants, and what should be the amount of the recovery. The writing obligatory established his right to indemnity against loss by reason of his liability on the notes; the executions showed the amount due on the notes; and the receipt endorsed on the executions proved that he had paid the recovery against him on the notes and fixed the amount of the damage he had sustained by the failure of the defendants to perform their covenant with him.

It was claimed in argument here that the evidence did not connect the executions with the notes referred to in the writing obligatory, nor prove the genuineness of the receipts endorsed on the executions, whereby the payment of the notes by the plaintiff was sought to be shown. No objection was interposed to the introduction of the evidence in the court below; nor the claim made that the executions were not issued upon judgments recovered on the notes against which the defendants had indemnified the plaintiff, nor that the receipts were not genuine. It is too late now to do so here. If the executions were not for the money due on the very debts referred to in the writing obligatory, then the executions were irrelevant evidence and inadmissible. If the receipts were not genuine they were likewise inadmissible. If there had existed the least question as to the evidence in these respects it cannot be doubted that it would have been objected to by the counsel for the defendants. A party will not be permit-

ted to sit still during the trial and by his silence admit the relevancy of the evidence of his adversary, or the genuineness of the written evidence, and then seek to take advantage in the appellate court of any supposed defect in the evidence upon these grounds. To permit him to do so would be the height of injustice. The executions were in favor of the very parties designated in the writing obligatory as the owners of the notes and against the persons bound thereon; the amount and date of the debt, for which the execution in favor of the Planters Bank of Farmville was issued, corresponds with the amount and date of the note described as due to the bank; and though the debt in the other execution was less in amount than the debt described as due to Watkins, it corresponds in date with the debt due to him. *Non constat* but that one of the instalments of his debt had been paid before the judgment was recovered.

If there was any omission of what was technically necessary to the introduction of the evidence or to show its relevancy, the defendants by their silence in the court below waived any right they may have had to make the objection here. Where inadmissible evidence has been received at the trial without objection, the opposite party cannot afterwards object in the appellate court to its having been received.

The court did not err in overruling the motion for a new trial. No ground whatever, as the record shows, was assigned in support of the motion. The evidence sustains the judgment of the court, and it is affirmed.

*Affirmed.*